FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2016 DEC -1  PM 1: 00

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

STANLEY PRICE,

      Plaintiff,

v.

STELLAR RECOVERY, INC.,

      Defendant.

_____ /

CASE NO. 3:16-cv-1482-J35PDB

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Stanley Price (hereinafter, "Stanley" or "Plaintiff"), by and through counsel, brings this action against Defendant, Stellar Recovery, Inc. (hereinafter, "Stellar" or "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumers based on Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Chapter 559, Florida Statutes, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### PARTIES

2. Stanley Price is a natural person who resided in Jacksonville, Florida, at all times relevant to this action.

-1-

3.  Stellar is a Florida corporation that maintained its principal place of business in Jacksonville, Florida, at all times relevant to this action.

## JURISDICTION AND VENUE

4.  Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

5.  Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Stanley's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Stanley's claims under the FDCPA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

6.  Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

7.  Before Stellar began contacting Stanley, it and Stanley had no prior business relationship and Stanley had never provided express consent to Stellar to be contacted on his cellular telephone.

8.  Stellar regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9.  The principal source of Stellar's revenue is debt collection.

10. Stellar is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. As described, *infra*, Stellar contacted Stanley to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Stanley is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. Within the past twelve months, Stellar began calling Stanley on his cellular phone ending in -6721 in connection with the collection of a debt.

15. During one communication, shortly after the calls began, Stanley advised Stellar he did not have the money to pay the debt.

16. In addition, Stanley communicated his desire that Stellar cease calling him.

17. Despite this communication, Stellar continued to call Stanley on his cellular phone.

18. On at least one occasion, Stellar called Stanley multiple times a day.

19. On or around March 9, 2016, Stanley telephoned Stellar for the purpose of obtaining information about the debt.

20. During this communication, Stanley reiterated his desire that Stellar cease calling him.

21. Nevertheless, Stellar continued to call Stanley on his cellular phone in connection with the collection of a debt.

22. Stellar's collection efforts, including but not limited to its telephone calls, caused Stanley emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

23. Stellar's collection efforts also intruded upon Stanley's privacy.

24. In addition, each time Stellar placed a telephone call to Stanley, Stellar occupied Stanley's telephone number such that Stanley was unable to receive other phone calls at that telephone number while Stellar was calling him.

25.   Stellar's telephone calls also forced Stanley to lose time by having to tend to Stellar's unwanted calls.

## COUNT ONE

### Violations of the Fair Debt Collection Practices Act

26.   Stanley re-alleges and incorporates by reference Paragraphs 7 through 25 above as if fully set forth herein.

27.   In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

28.   "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

29.   The likely effect of Stellar's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Stanley.

30.   Stellar violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Stanley in connection with the collection of the debt.

31.   Stellar violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT TWO

### Violations of the Florida Consumer Collection Practices Act

32. Stanley re-alleges and incorporates by reference Paragraphs 7 through 25 above as if fully set forth herein.

33. At all times relevant to this action, Stellar is subject to and must abide by Florida law, including the FCCPA, Fla. Stat. § 559.72.

34. Stellar is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

35. Stanley is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

36. Stellar attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

37. Stellar willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Stanley with such frequency as can reasonably be expected to harass Stanley, or engaging in other conduct which can reasonably be expected to abuse or harass Stanley.

38. As a result of the above violations of the FCCPA, Stellar is liable to Stanley for actual damages, statutory damages, and reasonable attorney's fees and costs, pursuant to Fla. Stat. §559.77(2).

39. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct as described herein, Stanley is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

## COUNT THREE

### Violation of the Telephone Consumer Protection Act

40. Stanley re-alleges and incorporates by reference Paragraphs 14 through 25 above as if fully set forth herein.

41. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

42. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity...(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

43. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls.  The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

44. A telephone dialing system with predictive dialer functionality is an ATDS within the

meaning of the TCPA. *Smith v. MarkOne Fin., LLC*, 2015 WL 419005, \*2-3 (M.D. Fla. Feb. 2, 2015); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

45.   Stellar used a telephone dialing system with predictive dialer functionality to place calls to Stanley on his cellular telephone.

46.   The TCPA provides, in part:

> (b)    RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> > (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> >
> > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> >
> > \* \* \*
> >
> > > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call...

47 U.S.C. §§ 227(b)(1)(A)(iii).

47.   The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is

made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961,7999-8000, ¶ 72-73 (2015).

48. Stanley was the "called party" in each telephone call Stellar placed to Stanley's cellular telephone.

49. The "called party" may revoke any prior consent to be called on his or her cellular phone in any reasonable manner. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961,7993, ¶ 55 (2015); *Brown v. Credit Mgmt., LP*, 131 F. Supp. 3d 1332, 1345 (N.D. Ga. 2015) ("The unwillingness [to receive calls] 'may be manifested to the actor by any words or conduct inconsistent with the continued consent.'").

50. Stellar violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Stanley on his cellular telephone without his prior express consent or after such consent had been revoked.

51. In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

52. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

53. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc.* 2015 WL 1522244, *9 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 WL 1154206, *7 (N.D. Ill. Mar. 19, 2013); *Stewart v. Regent Asset Mgmt. Solutions, Inc.*, 2011 WL 1766018, *7 (N.D. Ga. May 4, 2011).

54. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 WL 1154206, at *7; see also *Roylance*, 2015 WL 1522244, at *9 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

55. Stellar voluntarily placed telephone calls to Stanley's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

56. Stellar's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

## JURY DEMAND

57. Stanley demands a trial by jury.

## PRAYER FOR RELIEF

58. Stanley prays for the following relief:

   a. Judgment against Stellar for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   b. An order enjoining Stellar from placing further telephone calls to Stanley's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   c. Judgment against Stellar for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Stellar made in violation of the TCPA.

d.  For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,


Date: November 30, 2016          By: */s/ Sharina Romano*
                                 Sharina T. Romano, Esq.
                                 Florida Bar No.: 65501

                                 HYSLIP & TAYLOR, LLC, LPA
                                 1100 W. Cermak Road, Suite B410
                                 Chicago, Illinois 60608
                                 (P) 904-853-3050
                                 (F) 312-361-3509
                                 (E) sharina@fairdebt411.com
                                 *Counsel for Plaintiff*